EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br>    Peticionario<br><br>        v.<br><br>Inés Alvarez Rodríguez<br>    Recurrido | Certiorari<br><br>2001 TSPR 99<br><br>154 DPR ____ |

Número del Caso: CC-2000-588

Fecha: 29/junio/2001

Tribunal de Circuito de Apelaciones:
                        Circuito Regional III

Juez Ponente:
                        Hon. Andrés E. Salas Soler

Oficina del Procurador General:
                        Lcda. Rose Mary Corchado Lorent
                        Procuradora General Auxiliar

Abogado de la Parte Recurrida:
                        Lcdo. José A. Rubio Pitre

Materia: Homicidio Voluntario, Infr. Arts. 6, 8 Ley de Armas

        Este documento constituye un documento oficial del Tribunal Supremo que está
        sujeto a los cambios y correcciones del proceso de compilación y publicación
        oficial de las decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        vs.                       CC-2000-588 Certiorari

Inés Alvarez Rodríguez

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 29 de junio de 2001.

En esta ocasión nos toca dilucidar si, bajo la Ley de Sentencia Suspendida y Libertad a Prueba, según enmendada por la Ley Núm. 33 de 27 de julio de 1993, 34 L.P.R.A. sec. 1026 *et seq.*, procede conceder el beneficio de una sentencia suspendida a una persona que ha sido convicta por el delito de homicidio, y que utilizó un arma de fuego al cometer dicho delito. Por entender que tanto el texto como el historial legislativo de la mencionada Ley son claros y explícitos, resolvemos que una persona que ha utilizado un arma de fuego durante la comisión de un delito grave, o su tentativa, está excluida de los beneficios de la Ley de Sentencia Suspendida y Libertad a Prueba. Revocamos, pues, la decisión del Tribunal de Circuito de Apelaciones.

I.

El Ministerio Público presentó acusaciones contra Inés Alvarez Rodríguez por el delito de asesinato en primer grado por haber dado muerte, el 9 de febrero de 1997 a Wandy Joyce Cintrón Rodríguez y Erasmo Centeno Lugo, al propiciarle dos disparos a cada uno con un revólver. Alvarez Rodríguez también fue acusado por infracciones a los Artículos 6 y 8 de la Ley de Armas. 25 L.P.R.A. secs. 416 y 418. Celebrado el juicio por tribunal de derecho, el acusado fue declarado culpable por el delito de homicidio y por las infracciones a los Artículos 6 y 8 de la Ley de Armas.

El Tribunal de Primera Instancia dictó sentencia contra Alvarez Rodríguez y le condenó a la pena de reclusión por el término de diez años en cada uno de los cargos de homicidio, a ser cumplidos de forma concurrente, y concediéndole el beneficio de sentencia suspendida. Por las infracciones de los Artículos 6

y 8 de la Ley de Armas, Alvarez Rodríguez fue condenado a cumplir tres y cinco años de reclusión, respectivamente, a ser cumplidos de forma concurrente con las sentencias por los dos cargos de homicidio, y también bajo el régimen de sentencia suspendida.

El Ministerio Público presentó "Moción Solicitando Reconsideración de Sentencia al Amparo de la Regla 185 de Procedimiento Criminal" y planteó que la sentencia era ilegal porque la Ley Núm. 33 de 27 de julio de 1993 había enmendado la Ley de Sentencia Suspendida para excluir expresamente del privilegio de sentencia suspendida a la persona que utilice o intente utilizar un arma de fuego en la comisión de un delito grave o su tentativa. Posteriormente, el Tribunal de Primera Instancia celebró una vista para atender la moción de reconsideración y reiteró su determinación de concederle a Alvarez Rodríguez el beneficio de la sentencia suspendida.

El Procurador General acudió en certiorari ante el Tribunal de Circuito de Apelaciones. Dicho tribunal emitió la sentencia recurrida y determinó que en el caso de autos no existe elemento alguno que lo haga distinguible de nuestra decisión en Pueblo v. Zayas Rodríguez, res. el 17 de febrero de 1999, 99 TSPR 15. Basado en esta conclusión, el Tribunal de Circuito de Apelaciones confirmó la decisión del Tribunal de Primera Instancia.

El Procurador General acude ante nos alegando que el Tribunal de Circuito de Apelaciones erró al ignorar las disposiciones de la Ley de Sentencia Suspendida, según enmendada por la Ley Núm. 33 de 27 de julio de 1993, que excluye de sus beneficios a los convictos que han utilizado o han intentado utilizar un arma de fuego en la comisión de un delito grave o su tentativa, obviando así la clara e inequívoca intención legislativa.

Oportunamente, ordenamos a Alvarez Rodríguez que mostrara causa por la cual no debíamos revocar la decisión del Tribunal de Circuito de Apelaciones. Alvarez Rodríguez compareció ante nos mediante su "Oposición a Petición de Certiorari," alegando que el caso de autos es indistinguible de Zayas Rodríguez, supra, y que el Tribunal de Circuito de Apelaciones actuó correctamente al confirmar la suspensión de la sentencia. No obstante, entendemos que el texto de la Ley de Sentencia Suspendida y Libertad a Prueba es claro. Además, del historial legislativo surge una intención cónsona con dicho texto. Por lo tanto, concluimos que no es de aplicación al caso de autos lo resuelto en Zayas Rodríguez, supra. Resolvemos que no procede conceder una sentencia suspendida a Alvarez Rodríguez, y revocamos la decisión del Tribunal de Circuito de Apelaciones.

II.

La Ley de Sentencia Suspendida y Libertad a Prueba establece un sistema mediante el cual se le concede a un convicto el beneficio de cumplir con su sentencia fuera de la cárcel, mientras mantenga una buena conducta y cumpla con ciertas condiciones. Zayas Rodríguez, supra. Su propósito es "hacer viable la política pública de rehabilitación enunciada en la Sec. 19 del Art. VI de la Constitución del Estado Libre Asociado de Puerto Rico." Id. La Ley de Sentencia Suspendida y Libertad a Prueba intenta minimizar los efectos indeseados que las sanciones penales pueden tener en los convictos, fomentando así la rehabilitación de dichas personas, y la reintegración de los mismos a la sociedad como miembros productivos e útiles. Id. Sin embargo, "[e]l disfrute de una sentencia suspendida es un privilegio y no un derecho". Id. La concesión de este privilegio descansa, normalmente, en la sana discreción del tribunal. Id.

No obstante el propósito rehabilitador de esta legislación, ésta debe también atemperarse a la necesidad de proveer para la seguridad de la comunidad en general. Es por esto, que debe mantener un balance en el cual se asegura que personas peligrosas no acaben rondando las calles del país innecesariamente. A estos efectos, la Ley de Sentencia Suspendida y Libertad a Prueba fue enmendada por la Ley Núm. 33 de 27 de julio de 1993. El Artículo 2, en su parte pertinente, ahora lee:

> "El Tribunal de Primera Instancia podrá suspender los efectos de la sentencia que se hubiera dictado en todo caso de delito grave que no fuere asesinato... **o cuando la persona utilice o intente utilizar un arma de fuego en la comisión de un delito grave o su tentativa...**" 34 L.P.R.A. sec. 1027 (*énfasis nuestro*).

Dicha Ley añadió la frase "o cuando la persona utilice o intente utilizar un arma de fuego en la comisión de un delito grave o su tentativa" en el primer párrafo del Artículo 2 para excluir del beneficio de sentencia suspendida a todas las personas que caigan bajo esta categoría.

Surge, pues, del texto claro de la Ley, que si alguien ha sido convicto de un delito grave o su tentativa, y utilizó o intentó utilizar un arma de fuego durante la comisión de dicho delito, esta persona no tendrá derecho a una sentencia suspendida. 34 L.P.R.A. sec. 1027. Lo mismo surge del historial legislativo de la Ley 33.

III.

En Zayas Rodríguez, supra, nos enfrentamos a un caso similar al caso de autos. En esa ocasión, el peticionario había sido convicto de homicidio y de infracciones a los Artículos 6 y 8 de la Ley de Armas. Zayas Rodríguez, supra.

El foro de instancia suspendió su sentencia, y el Tribunal de Circuito de Apelaciones revocó esta decisión por entender que la Ley de Sentencia Suspendida y Libertad a Prueba excluía de sus beneficios a personas convictas bajo el Artículo 8 de la Ley de Armas. Id. La Ley de Sentencia Suspendida y Libertad a Prueba, según enmendada por la Ley Núm. 8 de 30 de noviembre de 1989, establecía que el Tribunal Superior podría "suspender los efectos de la sentencia que se hubiera dictado en todo caso de delito grave que no fuere... [una] infracción a los Artículos 5, 6A en su modalidad de delito grave, 8 y 10 de la 'Ley de Armas de Puerto Rico'...". Ley Núm. 8 de 30 de noviembre de 1989. A pesar de que el texto literal de la Ley incluye el Artículo 8, en Zayas Rodríguez, supra, resolvimos que era forzoso concluir que esta inclusión fue un error de la legislatura, dada la clara intención legislativa que surgía del historial.

En ese caso, pudimos comprobar del historial legislativo, que los Artículos de la Ley de Armas que se querían incluir eran los que prohibían la posesión y uso de armas de fuego de alta capacidad destructiva, como las ametralladoras, carabinas, escopetas de cañón cortado y rifles. Id. Como el Artículo 8 no era uno de estos, y como el Artículo 8A sí lo era, concluimos que la legislatura había cometido el error de omitir la "A" al redactar la Ley, y nos negamos a incluir el Artículo 8 en la prohibición de la Ley de Sentencia Suspendida y Libertad a Prueba. Id.

El caso de autos es muy diferente. En primer lugar, la Ley de Sentencia Suspendida y Libertad a Prueba fue enmendada en el 1993, y es esta ley enmendada la de aplicación en el caso de autos. Bajo esta nueva Ley, como ya hemos mencionado, cualquier convicto de delito grave que utilice un arma de fuego durante la comisión del delito queda excluido de los beneficios de una sentencia suspendida. 34 L.P.R.A. sec. 1027. Esta disposición no era de aplicación en Zayas Rodríguez, supra, ya que los hechos de aquel caso ocurrieron antes del 1993. Por lo tanto, en el caso de autos no nos enfrentamos a la interrogante de si las infracciones de la Ley de Armas excluyen a Alvarez Rodríguez de los beneficios de una sentencia suspendida. Aquí lo que debemos dilucidar es si haber utilizado un arma de fuego durante la comisión de un delito grave tiene este efecto.

La discordancia entre el texto de la ley y la intención legislativa que encontramos en Zayas Rodríguez, supra, no está presente en este caso. La Exposición de Motivos de la Ley Núm. 33 de 27 de julio de 1993 expone la inequívoca intención de la legislatura de excluir de los beneficios de la Ley de Sentencia

Suspendida y Libertad a Prueba a **cualquier** convicto de delito grave que utiliza

un arma de fuego:

> "Dado el peligro que representa para nuestra sociedad el que las personas que utilizan o intentan utilizar un arma de fuego en la comisión de un delito grave o su tentativa estén en la libre comunidad antes de que cumplan el término de reclusión que se les imponga, esta ley excluye del beneficio de la sentencia suspendida y de la libertad bajo palabra a dichas personas." 1993 Leyes de Puerto Rico 169.

Esta misma intención surge del <u>Informe de la Comisión de lo Jurídico del Senado de Puerto Rico sobre el Proyecto de la Cámara 400</u> de 15 de junio de 1993, y del <u>Informe de la Comisión Especial sobre Legislación para Combatir el Crimen de la Cámara de Representantes sobre el Proyecto de la Cámara 400</u> de 13 de julio de 1993.

Nuestro Código Civil dispone que "[c]uando la ley es clara libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu." 31 L.P.R.A. sec. 14. No obstante, "[s]abido es que los tribunales, a fin de resolver las controversias ante su consideración y adjudicar los derechos de las partes, deben interpretar las leyes aplicables a la situación de hechos que tienen ante sí, de forma tal que se cumpla cabalmente con la intención legislativa." <u>Zayas Rodríguez</u>, <u>supra</u>, *citando* R. E. Bernier y J.A. Cuevas Segarra, <u>Aprobación e interpretación de las leyes en Puerto Rico</u>, 2da ed. rev., Publicaciones JTS, 1987, Vol. 1, pág. 241. Es decir, que debemos siempre tener en cuenta la intención legislativa al interpretar una ley, aunque la misma parezca ser clara.

Solamente haremos interpretaciones que divergen del texto claro de la ley, como la que hicimos en <u>Zayas Rodríguez</u>, <u>supra</u>, en los casos extraordinarios en los cuales resulte forzoso concluir del historial legislativo que la legislatura ha hecho un error accidental de redacción. En el caso de autos, no existe ni la más remota indicación de que algo similar ha ocurrido. Por lo tanto, debemos seguir el claro mandato de la legislatura.

El mero hecho de que estemos en desacuerdo con dicho mandato nunca será razón suficiente para ignorarlo. Nuestro sistema político se basa primordialmente en el derecho del pueblo a autogobernarse. La Asamblea Legislativa surge como primordial emblema de la voluntad democrática. En ellos y ellas recae la inefable tarea de darle voz y voto a esa voluntad del pueblo. No intervenimos en ese proceso sino con la más delicada mesura. El hecho de que entendamos que la inflexibilidad que se perpetúa en la vigente Ley de Sentencia Suspendida y Libertad a Prueba no sea la más sabia solución al problema del crimen en Puerto Rico no nos permite abrogarnos poderes legislativos. Por más que

pensemos que los estándares referentes a cuándo procede conceder una sentencia suspendida deben ser de la más maleable naturaleza, y que tal determinación debe recaer en la sana discreción del tribunal, no podemos adjudicarnos un poder que le corresponde exclusivamente a la Asamblea Legislativa. Utilizamos, pues, las herramientas que nos provee dicha Asamblea, al resolver el caso de autos.

V.

En este caso, Alvarez Rodríguez fue convicto del delito grave de homicidio, que conlleva una pena de reclusión de 10 años. Surge del expediente que el acusado utilizó un revólver para dispararle dos veces a cada víctima. Por lo tanto, tenemos que concluir que Alvarez Rodríguez está excluido de los beneficios de la Ley de Sentencia Suspendida y Libertad a Prueba bajo el Artículo 2 de dicha Ley. 34 L.P.R.A. 1027.

El Tribunal de Circuito de Apelaciones erró al concluir que nuestra decisión en Zayas Rodríguez, supra, era de aplicación en este caso. Las disposiciones de Ley aplicables al caso de autos son diferentes a las que entraron en juego en Zayas Rodríguez, supra. Por lo tanto, resolvemos que Alvarez Rodríguez no se puede beneficiar de la sentencia suspendida dictada por el foro de instancia, revocamos la decisión del Tribunal de Circuito de Apelaciones, y devolvemos el caso al Tribunal de Primera Instancia para que dicte sentencia de manera consistente con esta opinión.

Se dictará la Sentencia correspondiente.


FEDERICO HERNANDEZ DENTON
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        vs.                       CC-2000-588    Certiorari

Inés Alvarez Rodríguez

    Recurrido


SENTENCIA


San Juan, Puerto Rico, a 29 de junio de 2001.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la decisión del Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que dicte Sentencia de manera consistente con esta Opinión.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez concurre sin opinión escrita.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo